# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SEAN ROBILLARD and SARA DOMRES,<br><br>       Plaintiffs,<br><br>v.<br><br>GRACE KNUTSON and TROY ENGER,<br><br>       Defendants. | Case No. 24-CV-1077-JPS<br><br>**ORDER** |

  In July 2025, Plaintiffs Sean Robillard and Sara Domres ("Plaintiffs") filed an amended putative class action complaint against Defendants Grace Knutson, the Director of Sex Offender Programs for the Wisconsin Department of Corrections ("WDOC"), and Troy Enger, administrator of the Division of Community Corrections of the WDOC ("Defendants"), under 42 U.S.C. § 1983, asserting violations of Plaintiffs' rights under the Fourth Amendment of the United States Constitution. ECF No. 31 at 1. Specifically, Plaintiffs allege that

> systemic deficiencies in the [WDOC's] policies and practices have caused the [WDOC's] Electronic Monitoring Center to issue arrest warrants for individuals on extended supervision who are suspected of having tampered with their GPS monitors without taking reasonable measures to confirm whether the suspected tampering alert is related to an equipment malfunction.

*Id.* at 2.

  Plaintiffs move to certify a class defined as follows: "All individuals subject to GPS monitoring by the [WDOC] who are on extended

supervision, parole[,] or another form of criminal supervision." ECF No. 31 at 15. As explained herein, Plaintiffs' motion to certify their proposed class will be held under advisement, pending joint supplemental briefing by the parties as to (a) the number of individuals that have been or are likely to be harmed or otherwise affected by the alleged expedited arrest policies and (b) the frequency of "tamper" and "strap" alert malfunctions. To the extent that additional discovery is necessary to appropriately address the parameters of any class determination, the parties should engage in a collaborative process to identify the information described above. Additionally, the Court will stay the current dispositive motions deadline until resolution of the class certification motion.

For the Court to certify Plaintiff's proposed class, Plaintiff must show the following: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(1)–(4). Further, a class may only be certified if it meets one of the subsections of Rule 23(b). *Priddy v. Health Care Serv. Corp.*, 870 F.3d 657, 660 (7th Cir. 2017) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011)).

Plaintiff "bears the burden of proving by a preponderance of the evidence all necessary prerequisites to the class action." *Id*. "This normally means that some discovery related to the class certification must take place." *Id.* Accordingly, when determining whether Plaintiff has met her burden, "[t]he [C]ourt does not presume that all well-pleaded allegations are true for purposes of deciding the certification question." *Armes v. Sogro, Inc.*, No. 08-C-0244, 2011 WL 1197537, at *2 (E.D. Wis. Mar. 29, 2011) (citing

*Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676–77 (7th Cir. 2001)); *Priddy*, 870 F.3d at 660 (noting that the Court does not conduct its class certification inquiries in a "fact-free zone"). "Rather, it should look beneath the surface of a complaint to conduct the inquiries identified in Rule 23 and exercise the discretion it confers." *Armes*, 2011 WL 1197537, at *2 (quoting *Szabo*, 249 F.3d at 677 (internal bracketing and quotation marks omitted)). Ultimately, "certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Dukes*, 564 U.S. at 350–51 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).

With respect to numerosity, the Court considers whether the class is "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). While there is no express cut-off in terms of number, the Seventh Circuit has indicated that a class of forty members satisfies this requirement where the class members' potential recoveries were too small to warrant the pursuit of individual actions. *Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969); *Orr v. Shicker*, 953 F.3d 490, 498 (7th Cir. 2020) ("[A] forty-member class is often regarded as sufficient to meet the numerosity requirement." (quoting *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 859 (7th Cir. 2017))).

Plaintiffs here allege that the class contains approximately 2,700 members, encompassing all those individuals currently under WDOC on extended supervision, probation, or parole who are subject to GPS monitoring and "subject to the challenged policy." ECF No. 39 at 6. And as Plaintiffs rightly note, a class may include those members who "might be injured in the future." 5 MOORE'S FEDERAL PRACTICE § 23.22 (2023).

However, as Defendants raise in their opposition brief, speculative statements about numerosity are insufficient. ECF No. 40 at 6 (citing *Valentino v. Howlett*, 528 F.2d 975, 978 (7th Cir. 1976) (observing that a party may not rely on conclusory allegations that joinder is impractical) and *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989) (affirming order denying class certification and holding that plaintiffs failed to establish numerosity where they merely identified the total number of people who could satisfy their class definition, but "only speculated as to the number of persons who" actually satisfied the class definition)). They contend that the mere number of people that fall under the challenged policy is insufficient; Plaintiffs must provide some indication of how many individuals have been or are at least likely to be injured by an improper "tamper" or "strap" alert leading to a detainment outside of business hours, which in turn requires inquiry into how common such alerts are. *Id.* at 7; *see also Marcial*, 880 F.2d at 957 ("Plaintiffs contend that the class consists of approximately 400–600 persons but have failed to establish that 400–600 persons would have legitimate claims.").

The Court will therefore direct the parties to collaborate in undertaking appropriate limited discovery, whether by sampling or otherwise, to specifically identify potential members of the putative class and file a joint memorandum with the Court addressing the following: (a) the number of individuals that have been or are likely to be harmed or otherwise affected by the alleged "tamper" and "strap" alert policies and (b) the frequency of "tamper" and "strap" alert malfunctions. Thereafter, the Court will apply Rule 23 to resolve Plaintiffs' motion.

For the reasons stated above, the Court holds the motion for class certification in abeyance. On or before **January 5, 2026**, the parties shall file

a joint memorandum, addressing the number of individuals that have been or are likely to be harmed or otherwise affected by the alleged "tamper" and "strap" alert policies and the frequency of "tamper" and "strap" alert malfunctions. Additionally, the Court will stay the current dispositive motions deadline until resolution of the class certification motion; thereafter, the Court will reset this deadline.

Accordingly,

**IT IS ORDERED** that Plaintiffs Sean Robillard and Sara Domres' motion for class action certification, ECF No. 39, be and the same is hereby **HELD IN ABEYANCE**;

**IT IS FURTHER ORDERED** that, on or before **January 5, 2026**, the parties file a joint memorandum, addressing the number of individuals that have been or are likely to be harmed or otherwise affected by the alleged "tamper" and "strap" alert policies and the frequency of "tamper" and "strap" alert malfunctions; and

**IT IS FURTHER ORDERED** that the dispositive motions deadline, ECF No. 34, be and the same is hereby **STAYED** pending resolution of the class certification motion.

Dated at Milwaukee, Wisconsin, this 6th day of November, 2025.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge